UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PATRICIA A. SHIVERDECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-506 |
| | ) | (VARLAN/SHIRLEY) |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Patricia Shiverdecker filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001-1461, to recover long-term disability benefits from defendant, Life Insurance Company of North America ("LINA").[1] The case is before the Court on plaintiff's Motion for Judgment on Administrative Record [Doc. 33] and defendant's Motion for Judgment [Doc. 34]. Plaintiff argues that defendant acted arbitrarily and capriciously in denying her claim for benefits under her Group Long Term Disability policy with defendant. Defendant argues that plaintiff's claim is barred by the statute of limitations. Alternatively, defendant contends that the decision to deny plaintiff

---

[1]Plaintiff originally filed her complaint [Doc. 1] against Cigna Group Insurance ("Cigna") and Wackenhut Corporation. Wackenhut Corporation was voluntarily dismissed on October 6, 2006. [Doc. 15.] On November 22, 2006, plaintiff filed an amended complaint [Doc. 25] substituting LINA for Cigna because LINA, a specific insurance entity under Cigna, is the proper party. LINA is presently the only defendant in this case.

long-term disability benefits is supported by the administrative record and should be affirmed.

The Court has carefully considered the parties' briefs [Docs. 33, 34, 35, 35], as well as the entire administrative record. For the reasons set forth herein, the Court will deny plaintiff's motion for judgment on the administrative record and grant defendant's motion for judgment.

## I. Relevant Facts

Plaintiff, Patricia A. Shriverdecker, was employed with Wackenhut Corporation as a Security Police Officer from June 11, 1984 until January 4, 2001. [AR at 193.] In 1996, one of her daily duties was to close a tower hatch door. [AR at 164.] On June 28, 1996, a Tower 33 gate failed and fell, striking plaintiff in the back. [Id. at 198.] As a result of this incident, plaintiff suffered a back injury but was initially able to return to work. However, she continued to experience back pain and in December 1997 she took leave from work and underwent surgery–a laminectomy at the L5/S1 portion of her back on a herniated disc. [AR at 74, 143-44.] She returned to work on June 1, 1998 without incident or restrictions. [AR at 139, 198.] Plaintiff's surgeon, Dr. Killeffer, found that she had no residual symptoms or ongoing pain and that she was in excellent condition. [AR at 139.]

On January 1, 2001, plaintiff was cleaning her kitchen and cooking breakfast when she felt a sudden, sharp pain in her right lower back, stretching through her buttock and foot. [AR at 198.] Plaintiff was immobilized with pain and had to have her mother to stay with

her to take care of her family. [AR at 198.] Tests showed that the injury was "the same problem and same area that [plaintiff] had surgery on in 98." [AR at 198.] On January 8, 2001, Dr. Killeffer ordered an MRI which indicated a recurrent herniated disk in the right L5/S1 section of her back. [AR at 136.] Plaintiff was given an epidural block as treatment for this injury. [AR at 135.] After this treatment failed, Dr. Killeffer performed another surgery on January 23, 2001 on the same L5/S1 portion of her back. [AR at 136, 137.]

Plaintiff continued to experience pain and ultimately underwent a third surgery on July 12, 2001. [AR at 200.] Despite the surgery, plaintiff still feels intense pain throughout her lower back. [AR at 201.] Plaintiff has received treatment from Dr. Demers, a psychiatrist for depression related to her back injury. [AR at 201.] In June 2002, Dr. Demers determined that plaintiff was permanently disabled as a result of her January 1, 2001 injury. [AR at 176.]

At the time plaintiff began experiencing back pain in January 2001, she was covered for accidental death and dismemberment benefits by defendant LINA through her Wackenhut sponsored Group Long Terms Disability policy, effective date October 1, 1999. [AR at 212-34.] The policy provides benefits for permanent and total disabilities resulting from accidental injuries. [AR at 212-34.] There is a three year limitations period in which a beneficiary may bring a legal action for policy benefits. [AR at 219.]

On April 26, 2002, plaintiff filed a claim for benefits under the policy with defendant LINA based on her January 1, 2001 injury. [AR at 158-68.] LINA denied this claim on July 2, 2002 stating, "based on all of the information available to us, we have determined that you

have not suffered a covered loss." [AR at 108.] The denial letter further stated that LINA did not find plaintiff's injury covered because it could not determine that it was a result of an accidental injury but rather it determined that plaintiff's pain was caused by a previous injury or cumulative wear and tear. [AR at 108-09.] The letter gave instructions for appealing LINA's decision:

> You may request a review of this denial by writing to the Life Insurance Company of North America representative signing this letter. The written request for a review must be sent within 180 days of receipt of this letter and state the reasons why you feel your claim should not have been denied. . . . You have a right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 if you claim is denied on appeal.

[AR at 110.]

Plaintiff timely filed an appeal of LINA's initial denial providing additional medical documentation. [AR at 93-106.] On August 21, 2002, defendant LINA sent plaintiff a letter denying her appeal. [AR at 89-91.] Again this letter included instructions for filing an appeal and noting plaintiff's right to file a claim under ERISA. [AR at 91.] Plaintiff filed a second appeal of LINA's denial of her claim. LINA denied this appeal by letter dated October 30, 2002. [AR at 83-84.] This letter did not include any instructions for appealing the decision or a notice of a right to bring an ERISA action. On September 10, 2003, plaintiff sent a letter to LINA expressing dissatisfaction with the handling of her claim. [AR at 79.] LINA responded by letter dated October 3, 2003 stating that, "We must advise you that all administrative levels of appeal have been exhausted and we cannot honor any further

4

appeals on this claim." [AR at 78.] Plaintiff filed her complaint in this Court on November 2, 2005. [Doc. 1; AR at 72-76.]

**II.    Analysis**

   A.    <u>Standard of review</u>

Defendant's argument that plaintiff's claim is barred by the statute of limitations will be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 because the Court must consider matters outside of the pleadings. Summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *See id.*

The judge's function in considering a motion for summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper

jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *See id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See id.* at 250.

B. <u>Plaintiff's Action is Barred by the Statute of Limitations</u>

Defendant argues that plaintiff's action is barred by the three-year statute of limitations as included in the terms of the policy. Because ERISA does not provide a statute of limitations for benefit claims, the appropriate statute of limitations is the most analogous statute of limitations in the state in which the claim is brought. *Santino v. Provident Life and Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001); *Massengill v. Shenadoah Life Ins. Co.*, 459 F. Supp. 2d 656, 659-60 (W.D. Tenn. 2006). In Tennessee, the statute of limitations period for a breach of contract claim is six years absent a contrary agreement by the parties. *Massengill*, 459 F. Supp. 2d at 660. Parties to a contract, including one in the ERISA context, may agree to a shorter limitations period provided it is not unreasonably short. *Id.* (citations omitted). A limitations period of three years has been deemed reasonable. *Id.*

Under the heading "Legal Actions," plaintiff's policy with defendant states that "No action to get policy benefits may be brought less than 60 days nor more than 3 years after written proof has been furnished as required by the policy." [AR at 219.] As such, the applicable limitations period is three years.

6

Plaintiff filed this action on November 2, 2005. Plaintiff argues that her ERISA claim was filed within three years of "written proof" based on the October 3, 2003 letter from LINA plaintiff refers to as "[t]he final denial of the Plaintiff's last appeal." [Doc. 35 at 2]. Defendant disagrees stating that the final denial of plaintiff's appeal was dated October 30, 2002 and the October 2003 letter to which plaintiff refers was not a denial of appeal but instead a notice that plaintiff had previously exhausted her appeals. [Doc. 37 at 1-3.] An ERISA cause of action accrues, and therefore the limitations period begins to run, when the beneficiary receives a formal and final denial of benefits. *See Steven v. Employer-Teamsters Joint Council No. 84 Pension Fund*, 979 F.2d 444, 451 (6th Cir. 1992); *Massengill*, 459 F. Supp. 2d at 661-62 (applying date of letter advising denial of benefits to calculate the limitations period); *see also Lippard v. Unumprovident Corp.*, 261 F. Supp. 2d 368, 378 (M.D.N.C. 2003) (noting that the statute of limitations on an ERISA claim begins to run at the point when a plaintiff has exhausted her administrative remedies).

Federal regulations require that insurance providers provide a full and fair review of any claim and allow for at least one appeal. 29 C.F.R. §§ 2560.503-1(h)(3)(I), (h)(4). The regulations prohibit providers from requiring that a beneficiary bring more than two appeals prior to filing a civil action in federal court. 29 C.F.R. §§ 2560.503-1(c)(2). Consistent with these regulations, LINA provided plaintiff with two appeals of its denial of benefits and then informed her that she had exhausted her administrative appeals. LINA originally denied plaintiff's claim on July 2, 2002. [AR at 108.] Plaintiff appealed and LINA denied that appeal on August, 21, 2002. [AR at 89-91.] Plaintiff filed a second appeal which was denied

7

on October 30, 2002.  [AR at 83-84.]  This was LINA's final denial of plaintiff's claim and therefore the start of the statute of limitations period.  This third denial letter, unlike the first two denial letters, did not state that plaintiff had a right to appeal.  [AR at 83-84.]  LINA's October 3, 2003 response to plaintiff's letter expressing her dissatisfaction was not a denial of plaintiff's claim as LINA did not reconsider the merits of her claim but merely noted that plaintiff had exhausted the appeal process.  [AR at 78.]  Plaintiff did not file her complaint with this Court until November 2, 2005, more than three years after LINA's final denial.  [Doc. 1; AR at 72-76.]  Because plaintiff did not file her complaint within the applicable limitations period, her action is time barred and must be dismissed.

**III.  Conclusion**

For the reasons set forth herein, plaintiff's Motion for Judgment on the Administrative Record [Doc. 33] is **DENIED** and defendant's Motion for Judgment [Doc. 34] is **GRANTED**.  Accordingly, judgment will be entered in favor of defendant.

ORDER ACCORDINGLY.

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE